IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Antwan L. Scott, | ) | Case No. 3:23-cv-02800-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director of Sheriff Al Cannon Detention Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se and in forma pauperis, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On July 25, 2023, the Magistrate Judge issued a Report recommending that the Petition be dismissed with prejudice and without requiring Respondent to file a Return. ECF No. 8. Petitioner filed objections to the Report.[1]

---

[1] While Petitioner had already filed objections, the Court noted that there was no docket entry indicating that the Report had been mailed to Petitioner. Accordingly, the Court directed that the Report be mailed to Petitioner and allowed him to file any necessary supplement to the objections. Petitioner, as was his right, did not supplement the objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner, a pretrial detainee being held on pending state criminal charges, requests release from state custody. The Magistrate Judge recommends dismissal of Petitioner's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner filed objections reiterating his arguments that he has been denied a preliminary hearing; accordingly, the court lacks jurisdiction. He therefore requests that the indictments be dismissed and that he be released. Because Petitioner has filed objections to the Report, the Court has conducted a de novo review of the Report, the record, and the applicable law.

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates into this Order by reference.  Generally, a federal court must abstain from exercising federal jurisdiction when to do so would interfere with a pending state criminal proceeding. *Younger*, 401 U.S. at 44 (holding that a federal court must abstain from enjoining a state criminal proceeding); *see also Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution).  *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989).  It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). Exceptions to *Younger* abstention apply only where there is a showing that (1) "bad faith or harassment by state officials responsible for the prosecution; (2) the state laws to be applied in the criminal proceeding are flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)) (internal quotations omitted).

Upon de novo review of the Report, the record in this case, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge and overrules

3

Petitioner's objections.  As explained in more detail by the Magistrate Judge, abstention under *Younger* is warranted in this action.  Petitioner may raise his present claims in state court both during and after trial; accordingly, he fails to demonstrate "special circumstances" to justify intervention in an ongoing state criminal proceeding or show that he has no adequate remedy at state law and will suffer irreparable injury if his request for relief is denied.

Based on the forgoing, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to summary dismissal.  The Petition is **DISMISSED** without prejudice[2] and without requiring Respondent to file a return.[3]

With respect to Petitioner's Motion for Appointment of Counsel, there is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160,

---

[2] The Court finds that dismissal without prejudice is appropriate.  Although generally dismissals based on *Younger* abstention are with prejudice, such dismissals may be without prejudice under certain circumstances. *Nivens*, 444 F.3d at 247.  Courts in this circuit have dismissed these actions without prejudice "[t]o avoid any risk of unfair prejudice to the [petitioner], a pro se litigant who claims that the state proceedings do not permit her to adequately protect her rights under federal law. *Wigley v. Wigley*, No. 7:17CV00425, 2018 WL 2172507, at *2 (W.D. Va. May 10, 2018) (citing *Gibbs v. State Comm'r*, 558 F. App'x. 333, 334 (4th Cir. 2014) (affirming dismissal of a civil action based on *Younger* abstention when dismissal was without prejudice)).

[3] In his objections, Plaintiff refers to 42 U.S.C. § 1983 and makes some allegations that may refer to claims under § 1983 that are not cognizable in a federal habeas action.  Accordingly, the Clerk of Court is directed to mail him a blank Complaint for Violation of Civil Rights.  If Petitioner intends to pursue these claims, he may complete the form, provide any necessary additional documentation, and return it for evaluation of those claims.

163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971).   However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163).  The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist.  Accordingly, Petitioner's Motion [10] is **DENIED**.

    IT IS SO ORDERED.

                                                    s/ Donald C. Coggins, Jr.
                                                    United States District Judge

December 5, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.